Bowers v. Concord Ophthalmologic      CV-03-363-JD   06/29/04
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


Patricia L. Bowers

     v.                              Civil No. 03-363-JD
                                     Opinion No. 2004 DNH 099
Concord Ophthalmologic
Associates, P.A., d/b/a
The Eye Center of Concord,
and Lloyd M. Wilcox, M.D.


                        O R D E R


     Patricia L. Bowers brings claims under Title VII of the

Civil Rights Act of 1964 and state law against her former

employer Concord Ophthalmologic Associates ("COA") and one of the

doctors in the group, Lloyd M. Wilcox.  COA and Wilcox move for

summary judgment on all of Bowers's remaining claims.[1]  Bowers,

who is represented by counsel, filed her objection more than

thirty days after the date the motion was served without seeking

an extension of time or offering an explanation and thereby

waived her objection.  LR 7.1(b); see also Nepsk, Inc. v. Town of

Houlton, 283 F.3d 1, 5-6 (1st Cir. 2002).

_____

     [1]Bowers's claims against Andre d'Hemecourt, Erin S. Fogel,
and Paul G. DeGregorio were previously dismissed.  Also, Bowers's
claims of negligent infliction of emotional distress were
previously dismissed.

## Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). An unopposed motion for summary judgment can only be granted if the moving party is entitled to judgment on the merits of the motion, viewed in light of Rule 56. See Carmona v. Toledo, 215 F.3d 124, 134 n.9 (1st Cir. 2000). All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

## Background

COA employed Patricia Bowers from October of 1992 until February 8, 2002. She worked first as an ophthalmic assistant and later as an ophthalmic technician. In 1995, Bowers began working with Dr. Lloyd Benson and remained working primarily for him during the remainder of the time she was employed by COA.

Bowers's first experience with Wilcox occurred before she

2

began working directly with him.  She was asked to hold a patient's head during a laser procedure.  During the procedure, she states that Wilcox was very intimidating in both his body and verbal language.  When she began working directly with Wilcox in 1995, Bowers found that he would sometimes fly into rages and abuse and intimidate her.  She described his demeanor as snarling and angry.  Wilcox's behavior deteriorated with time.

Bowers had particular difficulty working with Wilcox as part of a study for photodynamic therapy which began in 1999.  She reported that Wilcox belittled and criticized her and that his screaming, ranting, and raving would make her leave in tears.  Wilcox belittled and demeaned her in front of other staff members and patients.  She stated that his anger was directed at her both because of the study and because she had to take time off from work.  He repeatedly demonstrated favoritism toward another staff member, Nancy Bottcher, because she was an RN.

During one incident in December of 2001, Wilcox became so angry and stood so close to her that Bowers thought he was going to hit her.  On another occasion, Wilcox yelled at Bowers about an error that a male staff member had made but he never yelled at that person.  She also overheard a screaming match between Dr. d'Hemecourt and Wilcox.  Bowers also related some incidents of Wilcox mistreating other female employees, although he did not

3

treat the other female technicians the way he treated her. Bowers resigned her position in February of 2002.

## Discussion

Bowers brings a claim against COA under Title VII, alleging that Wilcox's treatment of her created a hostile work environment based on her gender that resulted in her constructive discharge. She also brings a claim of gender discrimination against COA and Wilcox under New Hampshire Revised Statute Annotated chapter 354-A. In addition, she alleges a claim of wrongful termination against COA and a claim of intentional infliction of emotional distress against Wilcox. The defendants seeks summary judgment on the grounds that Bowers cannot prove her claims.

### A. Title VII Claim

Title VII prohibits discrimination in the workplace based on sex. 42 U.S.C. § 2000e-2(a). When, as here, a plaintiff contends that the discrimination was due to the conditions of her employment, she must show "that sex-based conduct is sufficiently severe or pervasive to constitute a hostile work environment." O'Rourke v. City of Providence, 235 F.3d 713, 735 (1st Cir. 2001). Because Title VII "is neither a civility code nor a general anti-harassment code, . . . the level of incivility or

4

harassment must amount to either a tangible or a constructive employment action [and] . . . [t]he discrimination must be based on gender or some other prohibited category." Lee-Crespo v. Schering-Plough Del Caribe Inc., 354 F.3d 34, 37 (1st Cir. 2003).

COA argues that the facts do not show sufficiently severe or pervasive hostility or harassment to constitute adverse employment action. The court disagrees; Wilcox's treatment of Bowers, even taken from the defendants' factual statement, is sufficient to show a trialworthy issue. Alternatively, COA argues that the treatment Bowers experienced was not gender-based.

None of Wilcox's conduct toward Bowers was overtly sexual. He did not mention sex or otherwise directly implicate her sex as a reason for his treatment of her. The circumstances of her treatment also do not suggest that Bowers's sex was the basis for Wilcox's treatment of her. Instead, the circumstances indicate that Wilcox singled Bowers out for abuse for other reasons, which are far from clear, but may include his own instability and a lack of civility.

Bowers stated in her deposition that at least some of Wilcox's abuse was because he favored a female nurse over her. She also remembered an incident where Wilcox and another male physician engaged in a screaming match. Although Bowers recounts

5

a few instances where Wilcox's rage was directed against other female staff members, those instances were isolated or at least very sporadic and lacked any indicia of sex-based harassment. Based on the record presented for summary judgment, there is insufficient evidence that Wilcox's treatment of Bowers was based on her sex. Therefore, COA is entitled to summary judgment on Bowers's Title VII claim.

B. State Law Claims

Bowers's remaining claims are based on state law. This case was removed from state court, based on federal question jurisdiction arising from the Title VII claim. The court has supplemental jurisdiction over Bowers's state law claims. 28 U.S.C. § 1367(a).

When, as here, the court dismisses the federal claim that was the basis of original jurisdiction well before trial, the court may in its discretion decline to exercise supplemental jurisdiction over the state law claims. § 1367(c). That is appropriate in this case. See Cannarozzi v. Fiumara, 2004 WL 1205697 at *6 (1st Cir. June 2, 2004). Therefore, the court declines supplemental jurisdiction and remands Bowers's state law claims to state court.

## Conclusion

For the foregoing reasons, Concord Ophthalmologic Associates, P.A., is entitled to summary judgment on the plaintiff's Title VII claim in Count II. The remaining claims in this case, Counts I, III, and IV, which are state law claims brought against Lloyd Wilcox and Concord Ophthalmologic Associates, P.A., are remanded to Merrimack County Superior Court.

The clerk of court shall enter judgment in favor of defendants Andre d'Hemecourt, Erin Fogel, and Paul DeGregorio on all counts and in favor of defendants Concord Ophthalmologic Associates, P.A., and Lloyd Wilcox on Counts II, V, and VI. The case shall be returned to Merrimack County Superior Court.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

June 29, 2004

cc:  Timothy A. Gudas, Esquire
     Eugene F. Sullivan III, Esquire

7